UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4644 PA (RAOx) | Date | September 13, 2017 |
|---|---|---|---|
| Title | Barton Wayne Fishback v. Santa Monica Mountains Conservancy, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Plaintiff Barton Wayne Fishback ("Plaintiff") filed this action in Los Angeles Superior Court on May 23, 2017. In his Complaint, Plaintiff alleges claims against defendants Santa Monica Mountains Conservancy ("SMMC") and Mountains Recreation and Conservation Authority ("MRCA") (collectively "Defendants") for: (1) quiet title of easement; (2) injunctive relief; (3) declaratory relief; (4) violation of the 5th and 14th Amendment Takings Clause; (5) violation of the California Constitution Takings Clause, Cal. Const., Art. 1, § 19; (6) intentional interference with prospective economic advantage; and (7) intentional interference with contractual relations.

Asserting that the Court possessed federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over the action as a result of the federal takings claim, MRCA filed a Notice of Removal on June 23, 2017. On August 11, 2017, the Court ordered Plaintiff to show cause why the federal takings claim asserted by plaintiff Barton Wayne Fishback ("Plaintiff") should not be dismissed for lack of subject matter jurisdiction because it is not ripe. The Court has now reviewed the parties' responses to the order to show cause.

The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const. Amend. V. "As its text makes plain, the Takings Clause does not prohibit the taking of private property, but instead places a condition on the exercise of that power. In other words, it is designed not to limit the governmental interference with property rights per se, but rather to secure compensation in the event of otherwise proper interference amounting to a taking." Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 536-37, 125 S. Ct. 2074, 2080, 161 L. Ed. 2d 876 (2005) (internal quotations and citation omitted).

"A federal takings claim is not ripe until a litigant has '[sought] compensation through the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4644 PA (RAOx) | Date | September 13, 2017 |
|---|---|---|---|
| Title | Barton Wayne Fishback v. Santa Monica Mountains Conservancy, et al. | | |

procedures the State has provided for doing so.'" Spoklie v. Montana, 411 F.3d 1051, 1057 (9th Cir. 2005) (quoting Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194, 105 S. Ct. 3108, 3120, 87 L. Ed. 2d 126 (1985)); see also Daniel v. Cnty. of Santa Barbara, 288 F.3d 375, 382 (9th Cir. 2002) ("In a physical takings case, as in a regulatory takings case, the property owner must have sought compensation for the alleged taking through available state procedures."). Numerous courts have concluded that California's inverse condemnation procedures are an adequate avenue to address Takings Clause claims. See, e.g., San Remo Hotel v. City & Cnty. of San Francisco, 145 F.3d 1095, 1102 (9th Cir. 1998); Gaxiola v. City of Los Angeles, No. CV 10-6632 AHM (FMO), 2011 WL 13152821, at *14 (C.D. Cal. Sept. 1, 2011). Where a plaintiff fails to seek compensation through a state's procedures for doing so prior to filing a federal action, the case is "not ripe for decision," and must therefore be "dismiss[ed] for lack of subject matter jurisdiction." Jama Const. v. City of Los Angeles, 938 F.2d 1045, 1048 (9th Cir. 1991).

Plaintiff does not dispute that his operative Complaint fails to state a ripe federal takings claim. However, Plaintiff contends that, if given leave to amend, he could allege facts establishing that "any attempt to seek compensation through administrative procedures would be futile, which is an exception to the threshold requirement for a takings claim." (Docket No. 19 at 2:25-27.) The potential futility of Plaintiff's administrative claim does not render California's inverse condemnation procedures inadequate and excuse Plaintiff from pursuing those state law procedures before pursuing his federal takings claim. Instead, California's procedures include the filing of an inverse condemnation action in state court. See San Remo Hotel, 145 F.3d at 1102 ("Field has not filed an inverse condemnation action in state court, and therefore has not been denied just compensation by California. It follows that Field's facial takings claim—insofar as it alleges the denial of the economically viable use of his property—is unripe . . . ."); see also Christensen v. Yolo Cnty. Bd. of Supervisors, 995 F.2d 161, 164 (9th Cir. 1993) ("An action will be considered futile only if the plaintiff can show that 'the state courts establish that landowners may not obtain just compensation through an inverse condemnation action under any circumstances.' Compensation has been available under California law for inverse condemnation claims based on regulatory takings since [1987]. Since the Christensens did not seek compensation through an inverse condemnation action in state court before bringing this action, the district court properly dismissed the claim as unripe.") (quoting Austin v. City & Cnty. of Honolulu, 840 F.2d 678, 681 (9th Cir. 1988)). The acrimony Plaintiff may anticipate at the administrative claim phase does not render an inverse condemnation action litigated in state court futile or inadequate. The Court therefore concludes that Plaintiff has not, and cannot, allege facts that would allow him to avoid pursuing his takings claim in state court before litigating a federal takings claim. As a result, Plaintiff's federal takings claim is not ripe, and the Court dismisses it without prejudice.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4644 PA (RAOx) | Date | September 13, 2017 |
|---|---|---|---|
| Title | Barton Wayne Fishback v. Santa Monica Mountains Conservancy, et al. | | |

In their response to the order to show cause, Defendants request that the Court retain jurisdiction over this action because Plaintiff has expressed an intention to amend his Complaint to assert a claim pursuant to 42 U.S.C. § 1983. Plaintiff has not identified the nature of such a claim, and merely alleging his federal takings claim as being brought pursuant to 42 U.S.C. § 1983 would not cure the ripeness issues the Court has already addressed. Additionally, the Court notifies the parties that, were Plaintiff to ever assert a viable § 1983 claim in this action, to avoid juror confusion concerning the differences between the state and federal claims, and to preserve the comity between state and federal courts, it is the Court's standard practice, and one it would intend to follow in this instance, to try only the federal claims. Once the federal claims are resolved, the Court would decline to exercise supplemental jurisdiction over the state law claims. To the extent the state law claims were not resolved as a result of the outcome of the federal claims or because those claims are otherwise duplicative of the federal claims, Plaintiff would then be free to pursue the state law claims in state court. To the extent the parties seek a single forum in which to litigate their dispute, that forum may very well be the Los Angeles Superior Court.[1/]

For all of the foregoing reasons, the Court dismisses Plaintiff's federal takings claim without prejudice. The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). Consistent with Plaintiff's request that the Court remand the action

---

[1/]   As at least one other Court in this District has already concluded in a similar action involving this same Plaintiff and what appears to be the same general dispute, there may be other jurisprudential reasons for this Court to defer to the ongoing litigation involving Plaintiff that is pending in Los Angeles Superior Court. See Fishback v. Antonovich, Case No. CV 15-5719 JFW (RAOx) (C.D. Cal. Feb. 25, 2016) (staying action pursuant to Burford, Younger, and Colorado River abstention).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4644 PA (RAOx) | Date | September 13, 2017 |
|---|---|---|---|
| Title | Barton Wayne Fishback v. Santa Monica Mountains Conservancy, et al. | | |

rather than dismiss it and require Plaintiff to re-file the action in Los Angeles Superior Court, the Court further exercises its discretion to remand the action. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining."). The Court remands this action to Los Angeles Superior Court, North Valley Judicial District, Case No. PC057771.

The Court vacates the Scheduling Conference currently calendared for September 18, 2017.

IT IS SO ORDERED.